UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

JOHN BARTULA,

             Plaintiff,

           v.                                   **DECISION AND ORDER**
                                                    21-CV-390S

BRIAN KURTZ,
*d/b/a Brian Kurtz Trucking, Ltd.*,

             Defendant.
───────────────────────────────

## I.  INTRODUCTION

This is a removed action in which Plaintiff John Bartula alleges that he incurred damages when a truck driven by an employee of Defendant Brian Kurtz left Interstate 90 in New York and struck his house.  Before this Court is *sua sponte* consideration of whether this case should be dismissed under Rule 41 (b) of the Federal Rules of Civil Procedure since Bartula has ignored court orders and taken no action for nearly 17 months.  For the following reasons, this Court finds that dismissal is warranted.

## II.  BACKGROUND

Bartula, who at all times has been represented by counsel, initiated this action on February 9, 2021, by filing a summons and complaint in New York State Supreme Court, County of Erie.  (Notice of Removal, Docket No. 1, ¶ 1.)  Kurtz removed the action to federal court on March 12, 2021, on the basis of diversity jurisdiction.  See id. at ¶¶ 3-9.

Upon filing of the Notice of Removal, this Court referred the matter to the assigned magistrate judge for oversight of all pretrial proceedings.  (Docket No. 2.)  Counsel for the parties appeared on April 1, 2021, at which time the magistrate judge entered a Case

Management Order. (Docket Nos. 4, 6.) Approximately one month later, on May 7, 2021, the parties mediated before Michael Roach, Esq., but did not reach a pretrial resolution and instead determined that the case would proceed to trial under the magistrate judge's Case Management Order. (Docket No. 8.)

The Case Management Order directed that all discovery be completed by February 25, 2022, and that any dispositive motions be filed by March 31, 2022. (Docket No. 6.) It further provided that in the absence of dispositive motions, the parties must contact this Court by April 7, 2022, to schedule a trial date. Id.

Neither party filed dispositive motions, and neither party timely contacted this Court to schedule a trial date. Consequently, on April 14, 2022, this Court issued an order *sua sponte* directing counsel to file a joint status report by April 28, 2022, explaining the current status of the proceedings and detailing what activity had occurred since the parties last mediated. (Docket No. 9.) The order warned that failure to comply could result in the case being dismissed for failure to prosecute. Id. This Court further directed that a copy of the order be mailed to Bartula's counsel, who had not completed his registration for the court's electronic case-management system (CM/ECF). Id.

Approximately ten days later, on April 25, 2022, the mailing to Bartula's counsel was returned as undeliverable. (Docket No. 10.) After endeavoring to find counsel's current address, this Court issued another order directing that its April 14, 2022 Order be re-sent to counsel at his current address. (Docket No. 11.) Counsel presumably received the second mailing and all subsequent mailings to that address as none were returned to the court.

2

Neither party filed the joint status report by April 28, 2022, as directed. Consequently, this Court again issued a *sua sponte* order that (1) directed counsel to file the joint status report by June 24, 2022, (2) warned that failure to comply could result in dismissal, (3) directed that Bartula's counsel be sent the order, and (4) required that Bartula's counsel update his contact information with the Clerk of Court. (Docket No. 12.)

Yet again, neither party filed the joint status report by June 24, 2022, as directed. Consequently, this Court issued another *sua sponte* order that extended the deadline for the joint status report to July 29, 2022. (Docket No. 13.) The order also reiterated each of the directives and warnings in the April 28, 2022 Order, and it specifically warned counsel and the parties that "this is the **final** Order that will issue before this Court determines whether to dismiss this case for failure to comply with court orders or failure to prosecute or both." Id. (emphasis in original).

To date, neither party has filed anything in response to this Court's orders or contacted this Court in any way. In fact, it appears that neither party has taken any action at all in this case since engaging in mediation on May 7, 2021, nearly 17 months ago.

### III.  DISCUSSION

Despite numerous opportunities to do so, Bartula has not responded to this Court's orders nor has he otherwise participated in this action that he initiated since the parties last mediated in May 2021. This case therefore warrants dismissal for failure to prosecute, under Rule 41 (b) of the Federal Rules of Civil Procedure, which provides that

3

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41 (b).

Where the defendant has not moved under Rule 41 (b), a court may nonetheless dismiss a case *sua sponte*. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630-31.

Rule 41 (b) does not define what constitutes failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp., 682 F.2d at 42. Dismissal under Rule 41 (b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Rsrv. Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980)

(discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  While a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning."  Lucas, 84 F.3d at 535.  Finally, in examining the above factors, no single factor is to be considered dispositive.  See United States ex rel. Drake, 375 F.3d at 254.

In the present case, these factors weigh in favor of dismissal.  Specifically, (1) Bartula and his attorney have caused a delay of significant duration in this litigation, as the proceedings have been halted for approximately 17 months as a result of their inaction, see Ruzsa v. Rubenstein & Sendy Att'ys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (upholding dismissal involving 7-month delay); (2) this Court warned Bartula three times that his failure to comply with court orders could result in dismissal of his case; (3) Kurtz is inherently prejudiced by further delay of this action; (4) Bartula has had ample

5

time to prosecute his claims, with this Court carefully balancing the need to alleviate court calendar congestion against Bartula's right to pursue his claims; and (5) no lesser sanction would be appropriate, since Bartula and his counsel have flatly ignored this Court's several orders and the multiple warnings that this case could be dismissed, see Ruzsa, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to the district court's notice).

Consequently, having assessed the relevant factors and made every reasonable effort to contact Bartula through counsel, including *sua sponte* ascertaining counsel's current address, this Court finds that Bartula has had ample opportunity to comply with court orders and to pursue his claims but has elected not to do so. Dismissal for failure to prosecute is therefore warranted.

## IV. CONCLUSION

Bartula has failed to diligently prosecute this action and has failed to comply with the orders of this Court. As such, because each of the factors relevant to the Rule 41 (b) analysis favors dismissal, this Court will dismiss this case.

## V. ORDERS

IT HEREBY IS ORDERED, that Bartula's case is DISMISSED for failure to prosecute, pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of Court is directed to mail a copy of this decision to Attorney Joseph Anthony Muscato, Muscato & Shatkin, 415 Franklin St., Buffalo, NY 14202.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     October 3, 2022
           Buffalo, New York

                                             s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                         United States District Judge